Darlings v. Corey.

But we are all of opinion that the filing of bail put an end to the attachment. The object of the law was to compel an appearance to answer the demand; that end being accomplished, all the subsequent proceedings are void.

Attachment quashed.

CITED *in Ayres* v. *Bartlett,* 2 *Gr.* 332.

DARLINGS v. COREY.

1. It is not necessary to enter regular continuances of a cause before a justice, if everything be done fairly and with notice.

2. Service of notice of trial may be proved by the plaintiff.

*Certiorari* to Justice James.

The facts of this case are fully stated in the opinion of the Chief Justice.

KINSEY, C. J.   In this case, it appears that a summons issued on the 14th August, returnable on the 23d of the same month, when, both parties appearing, plaintiff craved a jury, and a *venire* was granted, returnable on the 8th of September. The justice, however, being taken sick abroad, was unable to attend at the time, and no adjournment was made.   Two days after, plaintiff craved another *venire*, which was issued, returnable on the 24th, and notice of trial was regularly served on defendants, as appears by plaintiff's affidavit.   On the 24th, the justice gave judgment, defendants not attending. Two objections have been made to this judgment :  1st.  That there was a discontinuance of the suit on the 8th of September, there being no adjournment to the 24th, or any other time.   2d.  That the justice took the plaintiff's oath to prove notice of trial having been regularly served on the Darlings. [201] I am of opinion that neither of these causes is sufficient to set aside the judgment.   The appearance of the parties on the summons was a regular commencement of the suit,

and attached it to the justice. The defendant had notice of trial, and might have been heard, if he had chosen ; his omission wears the appearance of an attempt to get rid of the suit by an artifice. The want of a regular adjournment never has, that I know of, been deemed a sufficient ground for setting aside the judgment of a justice, where it appears that justice is done, or that the party had an opportunity of being heard, and refused or omitted to avail himself of the privilege. The proceedings of these tribunals should be liberally considered. As to the affidavit, it has always been considered correct to admit such evidence in collateral matters.

SMITH, J., concurred.

CHETWOOD, J., was for reversing the judgment, on the ground that there should always be regular adjournments.

Judgment affirmed.